E. V. KLUGMAN, plaintiff in error, *vs.* A. GAMMELL, defendant in error.

It is error in the Court below to refuse a continuance and force parties to trial upon the admission in these words: "We admit and do not contest the fact, that the witness, Fuller, would, if present, testify to the facts stated in the above affidavit." Under the Code, section 3472, to force a trial in absence of witnesses by the admission of the proof, it is necessary not only to admit and not contest the fact that the witness would so swear, but to go further and admit the facts to be true, and not contest their truth.

Jurisdiction of Justices of the Peace. Continuance. Before Judge JOHNSON. Muscogee Superior Court. November Term, 1870.

Gammell, a livery stable keeper, sued Klugman in a Justice's Court, averring that in March, 1870, he hired Klugman a horse which, by hard driving, Klugman injured to the damage of Gammell $100 00. Klugman pleaded to the jurisdiction of the Justice, because this was an action for damages over which the Superior Court, he said, had exclusive jurisdiction. This plea was overruled, and Gammell had a judgment against Klugman. He appealed to the Su-

Klugman *vs.* Gammell.

perior Court. When the cause was called for trial, defendant's counsel moved to dismiss it, because the Justice below had no jurisdiction. This was overruled. They then moved to continue the cause for the absence of two witnesses. What they expected to prove by them was material, and their absence was properly shown, etc. One was a female, residing in the county, who, when subpœnaed, said she would attend Court in person. The Court overruled the showing as to her, because defendant had not taken her interrogatories. He overruled the motion as to the other witness, upon plaintiff's counsel agreeing to admit on the trial that the absent witness would swear as they expected him to swear, and without requiring them to agree not to controvert the truth of the facts to which he would testify. The trial resulted in a verdict for plaintiff. The refusal to dismiss and to continue the cause are assigned as error.

MOSES & DOWNING; SMITH & ALEXANDER, for plaintiffs in error.

PEABODY & BRANNON, for defendant. Continuances: 14th Georgia Reports, 6; 30th, 831.

LOCHRANE, Chief Justice.

We reverse the judgment of the Court below in this case, upon the ground that the Court erred in forcing the party to trial and refusing a continuance, under the facts disclosed by the record. Under section 3472, of the Code, to entitle a party to force his adversary to trial in the absence of his witness or witnesses, the admission of what the witness would swear if present, must go to the extent of admitting the facts stated to be true, and not contest the truth of such statement of facts. An admission that the witness would so swear, and not contest that he would so swear, is insufficient. The intention of this statute cannot be perverted by evasions and subtleties. The party is entitled to his witnesses, if properly

subpœnaed and the law otherwise complied with, to give in evidence the facts which he may know. And if a trial is forced in his absence, the admission to invoke such compulsory trial, must go to the full extent of admitting and not contesting *the truth of the facts expected to be proved by him,* without equivocation, evasion or contest.

Judgment reversed.